IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ALLEN L. TORKELSON ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 15-1051-JTM |
| ) | |
| STATE OF KANSAS, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM AND ORDER**
and
**REPORT AND RECOMMENDATION**

I.   Motion to Proceed In Forma Pauperis (Doc. 3)

On February 23, 2015, plaintiff filed a "Motion to Proceed Without Prepayment of Fees." (Doc. 3). The court has reviewed the affidavit of financial status and finds that plaintiff has established that he is financially unable to pay the costs of the filing fee.

**IT IS THEREFORE ORDERED** that the motion (**Doc. 3**) is **GRANTED**. The Clerk is directed to stay service of process pending the District Court's review of the Report and Recommendation below.[1]

---

[1] *See Webb v. Vratil*, No. 12-2588-EFM-GLR, Doc. 7 (Sept. 28, 2012) (withholding service of process pending review under 28 U.S.C. § 1915(e)(2)(B) and Fed. R. Civ. P. 12(h)(3)) (citing *Fuller v. Myers*, 123 F. App'x 365, 368 (10th Cir. 2005).

## II.     Motion for Appointment of Counsel (Doc. 4)

An evaluation of whether to appoint counsel requires consideration of those factors discussed by the Tenth Circuit Court of Appeals in *Castner v. Colorado Springs Cablevision*,[2] including: (1) plaintiff's ability to afford counsel, (2) plaintiff's diligence in searching for counsel, (3) the merits of plaintiff's case, and (4) plaintiff's capacity to prepare and present the case without the aid of counsel.  Thoughtful and prudent care in appointing representation is necessary so that willing counsel may be located; however, the indiscriminate appointment of volunteer counsel to undeserving claims wastes a precious resource and may discourage attorneys from volunteering their time.[3]

After careful consideration, the court declines to appoint counsel to represent plaintiff.  Although plaintiff appears unable to afford counsel at this time, the court recommends dismissal of plaintiff's claims below.  Under the circumstances, the motion for appointment of counsel shall be DENIED.

**IT IS THEREFORE ORDERED** that plaintiff's application for appointment of counsel **(Doc. 4)** is **DENIED.**

## III.    Report and Recommendation

The authority to proceed without payment of fees is not without limitation.  Under 28 U.S.C. § 1915(e)(2), sua sponte dismissal of the case is required if the court determines that the action 1) is frivolous or malicious, 2) fails to state a claim upon which

---

[2] 979 F.2d 1417, 1420-21 (10th Cir. 1992).
[3] *Id.* at 1421.

relief may be granted, or 3) seeks relief from a defendant who is immune from suit. After application of these standards, the undersigned Magistrate Judge issues the following report and recommendation of dismissal pursuant to 28 U.S.C. § 636(b)(1)(B).

Under 28 U.S.C. § 1915(e)(2)(B)(ii), the court shall dismiss the case at any time if the court determines that the action fails to state a claim on which relief may be granted. Furthermore, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."[4] The court reviews the sufficiency of the complaint under the same standards as those used when the court considers a motion to dismiss under Fed. R. Civ. P. 12(b)(6).[5] Because plaintiff proceeds pro se, his pleadings must be liberally construed.[6] However, plaintiff still bears the burden to allege "sufficient facts on which a recognized legal claim could be based"[7] and the court cannot "take on the responsibility of serving as [his] attorney in constructing arguments and searching the record."[8] Plaintiff "must allege sufficient facts to state a claim which is plausible—rather than merely conceivable—on its face."[9]

Here, plaintiff's entire claim is contained in four words: "registration of sex offender." His requested relief is equally brief, describing simply that he seeks to "discontinue registering as a sex offender." Plaintiff offers no facts whatsoever which

---

[4] *King v. Huffman*, No. 10-4152-JAR, 2010 WL 5463061, at *1 (D. Kan. Dec. 29, 2010) (citing Fed. R. Civ. P. 12(h)(3).
[5] *See Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).
[6] *Hall v. Bellmon*, 935 F. 2d 1106, 1110 (10th Cir. 1991).
[7] *Id*.
[8] *Mays v. Wyandotte County Sheriff's Dep't*, 419 F. App'x 794, 796 (10th Cir. 2011) (citing *Garrett v. Selby Connor Maddux & Janer,* 425 F.3d 836, 840 (10th Cir.2005)).
[9] *Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1260 (D. Kan. Jan. 22, 2008) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

allow the court to evaluate his legal claim. The court has no information regarding whether plaintiff was convicted of a crime which requires him to register or the date that any conviction occurred, etc. Plaintiff recites only his brief claim and attaches two exhibits: a copy of a legal advertisement referencing a Kansas state court ruling[10] and a copy of a Kansas statute.[11] Neither exhibit supplies facts which support a claim before this federal district court. Additionally, under the "Jurisdiction" section of plaintiff's Complaint, he indicates that the parties are not diverse but provides no other basis for the court to exercise its jurisdiction over his claim.[12] It is clear from the face of the complaint that the plaintiff neither pleads "enough facts to state a claim to relief that is plausible on its face,"[13] nor presents a rational argument on the facts or law in support of his claim.[14] It is therefore recommended that the complaint be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[10] Although not specifically named, plaintiff's exhibit (Doc. 1 at 8) references the case of *Doe v. Thompson*, No. 12-C-168 (Shawnee County Dist. Ct., July 15, 2013). In a summary judgment ruling, District Judge Larry D. Hendricks found that a portion of the Kansas Sex Offender Registration Act violates the *ex post facto* clause of the U.S. Constitution. That case is currently under review by the Kansas Supreme Court. *See Doe v. Thompson*, No. 110318 (Kan, Sup. Ct.). This court expresses no opinion concerning the merits of plaintiff's potential federal claim of some Constitutional violation because his complaint does not contain sufficient facts to evaluate such a claim. Additionally, the same issue referenced by plaintiff's exhibit is currently pending before the Kansas state courts.

[11] Kan. Stat. Ann., Ch. 22 Art. 49 regarding "Offender Registration." (Doc. 1, at 9-10.)

[12] *See Perry v. Cowley County Cmty. Coll.*, No. 13-1425-JTM, 2013 WL 6804185, at *1 (D. Kan. Dec. 23, 2013) (discussing the two statutory bases for federal subject-matter jurisdiction: federal jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332) (citing *Nicodemus v. Union Pac. Corp.,* 318 F.3d 1231, 1235 (10th Cir.2003)).

[13] *Fry v. Beezley*, 2010 WL 1371644, at *1 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[14] *Graham v. Sec'y of Health & Human Servs.,* 785 F.Supp. 145, 146 (citing *Dolence v. Flynn*, 628 F. 2d 1280, 1281 (10th Cir. 1980)).

**IT IS THEREFORE RECOMMENDED** that plaintiff's Complaint be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii).

**IT IS FURTHER ORDERED** that a copy of this recommendation shall be mailed to plaintiff by certified mail.  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the plaintiff may file a written objection to the proposed findings and recommendations with the clerk of the district court within fourteen (14) days after being served with a copy of this report and recommendation.  Failure to make a timely objection waives appellate review of both factual and legal questions.[15]

**IT IS SO ORDERED**.

Dated at Wichita, Kansas this 13th day of March 2015.

 s/ Karen M. Humphreys
KAREN M. HUMPHREYS
United States Magistrate Judge

---

[15] *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005).