IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

Allen Torkelson,

    Plaintiff,

vs.                     Case No. 15-1051-JTM

State of Kansas,

    Defendant.

MEMORANDUM AND ORDER

This matter is before the court upon the Report and Recommendation (Dkt. 6) filed by the United States Magistrate Judge, which granted pro se plaintiff Allen Torkelson the right to proceed *in forma pauperis*, but also recommended that the undersigned dismiss the action for failure to articulate a claim. Torkelson's Complaint avoids any explanation of his claim, other than four words: "Registration of Sex Offender." (Dkt. 1, at 3). The Magistrate Judge found that the Complaint fails to present alleged facts entitling him to relief, and that the case should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The cited provision permits the court to dismiss an action "at any time" if it becomes apparent that a pro se litigant fails to state a claim for relief. Plaintiff Torkelson subsequently submitted an Objection (Dkt. 7) to the Report and Recommendation, but this

pleading merely supports the need for dismissal.[1] Torkelson is a sex offender subject to the terms of the Kansas Offender Registration Act (KORA). He was originally convicted in 2000, released from custody in December 2001, and, under the original provisions of KORA, would have been relieved of the obligation to register as a sex offender in 2011. His Objection clarifies the nature of his complaint — he contends that an amendment to KORA increasing the registration period to fifteen years violates the Ex Post Facto Clause of the United States Constitution.

The Objection provides more clarity to Torkelson's contentions, but also clarifies the failure of the plaintiff to state a claim for relief. Recent decisions have uniformly concluded that sex offender registration statutes are nonpunitive in nature, and therefore may be constitutionally applied on a retroactive basis. *See Smith v. Doe*, 538 U.S. 84 (2003) (15-year Alaska registration statute not punitive, and did not violate Ex Post Facto Clause); *State v. Myers*, 260 Kan. 669, 696, 923 P.2d 1024 (1996), *cert denied* 521 U.S. 1118 (1997) (KORA could be constitutionally applied to offender convicted prior to its passage); *State v. Johnson*, No. 111,550, 2015 WL 1124674, *5 (Kan.App. 2015);  (Kan.App. 2013) (KORA not punitive); *State v. Byers*, No. 108,564, 2013 WL 3867862 (Kan.App. 2013) (constitutional to apply subsequent amendment to KORA increasing criminal penalty for nonregistration). *See also United States*

---

[1] A portion of the Objection may also be construed as a request for appointment of counsel. The court finds that the issue in the action is clear and adequately framed, and denies request for the appointment of counsel. *See Johnson v. Ware*, 2013 WL 2395115 (D.C.Cir. 2013) (denying motion to appoint counsel in sex offender registration Ex Post Facto challenge case because "[t]he merits of the parties' positions are so clear"); *Haynes v. Texas*, 370 Fed.Appx. 508 (5th Cir. 2010) (same).

*v. Davis*, 352 Fed.Appx. 270, 272 (10th Cir. 2009) (multiple constitutional attacks against federal Sexual Offender Registration and Notification Act, 18 U.S.C. § 2250, including an Ex Post Facto challenge, "are foreclosed by recent authority").

Indeed, the Kansas Court of Appeals has recently addressed precisely this issue — the contention that the increase of the KORA registration period from ten to fifteen years violates the Ex Post Facto Clause of the United States Constitution. The court held that *Smith* and *Myers* were binding authority and precluded any relief. *State v. Hirschberg*, No. 109,689, 2014 WL 1887646, *2  (Kan.App. 2014).

IT IS ACCORDINGLY ORDERED this day of March, 2015, that the Report and Recommendation (Dkt. 6) is adopted, and the case is dismissed for failure to state a claim.

s/ J. Thomas Marten

J. THOMAS MARTEN, JUDGE